IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

DUSTIN MICHAEL QUICK,

Plaintiff,

v.                                                                    CASE NO. 24-3236-JWL

BRANTON GRISSUM, et al.,

Defendants.

**MEMORANDUM AND ORDER**

Plaintiff and Kansas pretrial detainee Dustin Michael Quick filed this pro se civil action pursuant to 42 U.S.C. § 1983. (Doc. 1.) The Court has reviewed the complaint and identified deficiencies that are set forth below and that leave the complaint subject to dismissal in its entirety. The Court therefore will grant Plaintiff time in which to file a complete and proper amended complaint that cures the deficiencies identified herein. If Plaintiff fails to do so in the allotted time, this matter will be dismissed without further prior notice to him.

I.    **Nature of the Matter before the Court**

Plaintiff names as Defendants in this matter Wyandotte County Deputy District Attorney Branton Grissum, Wyandotte County District Court clerk Kristi L. Hill, and the State of Kansas. (Doc. 1, p. 1-2.) Plaintiff alleges that Defendants intercepted a letter he wrote on December 1, 2024 to his attorney regarding his criminal case. *Id.* at 2-3. Plaintiff further alleges that on December 10, 2024, Defendants filed the letter in the pending state criminal case against Plaintiff. *Id.* As the sole count in this complaint, Plaintiff alleges the violation of K.S.A. 60-426, which relates to attorney-client privilege, based on these acts. *Id.* at 3. As relief, Plaintiff seeks the dismissal of all pending charges and $50,000.00. *Id.* at 5.

1

## II.    Screening Standards

Because Plaintiff is a prisoner, the Court is required by statute to screen his complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). During this screening, the Court liberally construes this pro se complaint and holds it to "less stringent standards than formal pleadings drafted by lawyers." *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the Court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, the Court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on plaintiff's behalf." *See Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Furthermore, a pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted).

The Court must determine whether Plaintiff has "nudge[d] his claims across the line from

conceivable to plausible." *See Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009) (quotation marks and citation omitted). "Plausible" in this context refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not met his or her burden. *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 550 U.S. at 570).

## III.  Discussion

### A.  Relief Sought

As relief in this matter, Plaintiff seeks, in part, dismissal of the state criminal charges pending against him. (Doc. 1, p. 5.) As has been previously explained to Petitioner, this Court cannot enter an injunctive order directing a Kansas state district court to take certain actions in a criminal proceeding. Federal injunctive orders generally bind only certain types of individuals and the Kansas state court system does not fall within those parameters. See Fed. R. Civ. P. 65 (discussing injunctions and restraining orders). Moreover, any such order would likely be prohibited by the abstention doctrine set forth in *Younger v. Harris*, 401 U.S. 37, 46 (1971), which requires federal courts abstain from intervening in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." Finally, a petition for habeas corpus relief is a state prisoner's sole remedy in federal court for a claim of entitlement to immediate or speedier release. *See Preiser v. Rodriguez*, 411 U.S. 475, 499 (1973); *Boutwell v. Keating*, 399 F.3d 1203, 1209 (10th Cir. 2005). Thus, to the extent that Petitioner seeks dismissal of the state charges against him, such request is subject to dismissal.

### B.  Defendants

This matter is subject to dismissal as it is brought against the State of Kansas because the Eleventh Amendment to the United States Constitution presents a jurisdictional bar to suits against

a state unless the state waives its immunity. *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Wagoner Cnty. Rural Water Dist. No. 2 v. Grand River Dam Auth.*, 577 F.3d 1255, 1258 (10th Cir. 2009)). Therefore, in the absence of some consent, a suit in which the state is named as a defendant is "proscribed by the Eleventh Amendment." *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984). It is well established that Congress did not abrogate the states' sovereign immunity when it enacted § 1983. *Quern v. Jordan*, 440 U.S. 332, 338–45 (1979); *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002); *see also McGee v. Corizon,* 831 F. Appx. 381, (10th Cir. Oct. 14, 2020) (unpublished) ("It is well-recognized that an action cannot be brought in federal court against a state or its agencies.") (citation omitted). And Plaintiff has not alleged facts to support the conclusion that the State of Kansas has otherwise consented to this suit. The State of Kansas is thus subject to dismissal from this action as a Defendant.

This matter also is subject to dismissal as it is brought against Defendant Grissum because he is immune from liability for the acts attributed to him in the complaint. Prosecutors are absolutely immune from civil liability for damages for "acts undertaken by a prosecutor in preparing for the initiation of judicial proceedings or for trial, and which occur in the course of his [or her] role as an advocate for the State." *Stein v. Disciplinary Bd. of Supreme Court of N.M.*, 520 F.3d 1183, 1193 (10th Cir. 2008) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993)).

Even liberally construing the complaint and attachment thereto, Plaintiff's allegations involving Defendant Grissum involve only actions he took in the course of his role as an advocate for the State during Plaintiff's criminal prosecution. He is immune from civil liability for such acts and must be dismissed from this matter. See *Butler v. Becker*, 2020 WL 1528501, at *1, 4 (D. Kan. Mar. 31, 2020) (memorandum and order) (stating absolute immunity appeared to apply to bar § 1983 claim against prosecuting attorney who opened and read an inmate's letter to a potential

witness); *Crooker v. United States*, 2010 WL 3860597, *12-13 (D. Mass. Sept. 29, 2010) (absolute prosecutorial immunity applicable when, after criminal charges against inmate were filed, prosecutor allegedly "misused her authority by soliciting [prison] staff to open and photocopy letters" written by an inmate and placed into outgoing mail depository).

### C.  Personal Participation

This action is subject to dismissal as against Defendant Hill because the complaint does not sufficiently allege her personal participation. An essential element of a civil rights claim under § 1983 against an individual is that person's direct personal participation in the acts or inactions upon which the complaint is based. *Kentucky v. Graham*, 473 U.S. 159, 166 (1985); *Trujillo v. Williams*, 465 F.3d 1210, 1227 (10th Cir. 2006). A viable § 1983 claim must establish that each defendant caused a violation of Plaintiff's constitutional rights. *See Walker v. Johiuddin*, 947 F.3d 1244, 1249 (10th Cir. 2020) (quoting *Pahls v. Thomas*, 718 F.3d 1210, 1228 (10th Cir. 2013)). As a result, Plaintiff must not only name each defendant in the caption of the complaint, he must do so again in the body of the complaint and include in the body a description of the acts taken by each defendant that violated Plaintiff's federal constitutional rights.

The only factual allegations involving Defendant Hill are (1) that she is a district court clerk and (2) that she, along with Defendant Grissum, "intercepted a letter sent to [Plaintiff's] attorney and filed it as a part of [Plaintiff's] criminal case." (Doc. 1, p. 2-3.) Plaintiff does not further explain Defendant Hill's role in the interception and filing of the letter, and conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *See Hall*, 935 F.2d at 1110. Because Plaintiff has failed to allege sufficient facts to show Defendant Hill's personal participation in a constitutional violation, the claims against Defendant Hill are subject to dismissal.

**D.  Failure to State a Plausible Claim for Relief**

Finally, this matter is subject to dismissal because it fails to allege the violation of a federal right. As noted above, "[t]o state a claim under § 1983, a plaintiff must allege the violation of a right *secured by the Constitution and laws of the United States*. . . ." *See West,* 487 U.S. at 48 (emphasis added). "After all, '§ 1983 "is not itself a source of substantive rights," but merely provides 'a method for vindicating *federal* rights elsewhere conferred.'" *Geddes v. Weber County*, 2022 WL 3371010, *3 (10th Cir. 2022) (emphasis added) (unpublished) (quoting *Graham v. Connor*, 490 U.S. 386, 393–94, 109 S. Ct. 1865, 104 L.Ed.2d 443 (1989)). The sole count alleged in the complaint asserts only on the violation of K.S.A. 60-426, rather than the violation of a federal right. (*See* Doc. 1, p. 3.)

To the extent that Plaintiff's claim could be liberally construed as raising a Sixth Amendment violation, this Court reminds Plaintiff that in *Younger v. Harris*, 401 U.S. 37, 46 (1971), the United States Supreme Court instructed that generally a federal court is not to intervene in ongoing state criminal proceedings unless "irreparable injury" is "both great and immediate." The Tenth Circuit has instructed that "the *Younger* doctrine extends to federal claims for monetary relief when a judgment for the plaintiff would have preclusive effects on a pending state-court proceeding." *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1228 (10th Cir. 2004).

"The *Younger* doctrine requires a federal court to abstain from hearing a case where . . . (1) state judicial proceedings are ongoing; (2) [that] implicate an important state interest; and (3) the state proceedings offer an adequate opportunity to litigate federal constitutional issues." *Buck v. Myers*, 244 F. App'x 193, 197 (10th Cir. 2007) (unpublished) (citing *Winnebago Tribe of Neb. v. Stovall*, 341 F.3d 1202, 1204 (10th Cir. 2003); *see also Middlesex Cty. Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982)). "Once these three conditions are met, *Younger*

abstention is non-discretionary and, absent extraordinary circumstances, a district court is required to abstain." *Buck*, 244 F. Appx. at 197 (citing *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n*, 319 F.3d 1211, 1215 (10th Cir. 2003)).

Plaintiff's state-court criminal case is ongoing, and the State of Kansas has an important interest in prosecuting crimes that violate Kansas laws. Moreover, the state courts provide Plaintiff the opportunity to present his challenge to the interception and filing of the letter, whether in district court or, if necessary, on appeal or in other proceedings. Although "[t]he *Younger* abstention doctrine does not apply 'in case of proven harassment or prosecutions undertaken by state officials in bad faith without hope of obtaining a valid conviction and perhaps in other extraordinary circumstances where irreparable injury can be shown,'" a plaintiff asserting such circumstances must make "'more than mere allegations of bad faith or harassment.'" *Amanatullah v. Co. Bd. of Med. Examiners*, 187 F.3d 1160, 1165 (10th Cir. 1999). Plaintiff has not done so in this action.

### E.  Conclusion

For the reasons set forth above, this action is subject to dismissal in its entirety. Plaintiff is therefore given the opportunity to file a complete and proper amended complaint upon the required, court-approved form that cures all the deficiencies discussed herein. Plaintiff is advised that an amended complaint does not supplement the initial complaint; an amended complaint completely replaces the initial complaint. Therefore, any claims or factual allegations not included in the amended complaint will not be before the Court. Plaintiff may not refer to or incorporate by reference his initial complaint. The amended complaint must contain all allegations, claims, and exhibits that Plaintiff intends to pursue in this action, including those to be retained from his initial complaint and the attachment thereto.

Plaintiff must write the number of this case (24-3236) at the top of the first page of his amended complaint. He must identify only defendants who may be sued under § 1983 and he must allege sufficient facts to show that each defendant personally participated in a federal constitutional violation, as discussed above. For each Count, he must clearly identify the constitutional right or rights he believes was violated and he must identify the specific facts that support each alleged violation.

 If Plaintiff fails to timely file an amended complaint, the Court will proceed on the current complaint, which will be dismissed without further prior notice to Plaintiff for the reasons stated herein. If Plaintiff timely files an amended complaint, the Court will conduct the statutorily required review of the amended complaint and issue further orders as necessary. Plaintiff is further reminded that he must comply with the notice of deficiency (Doc. 3) on or before January 22, 2025.

**IT IS THEREFORE ORDERED** that Plaintiff is granted to and including **February 4, 2025**, to file a complete and proper amended complaint that cures all the deficiencies discussed herein. If Plaintiff fails to do so, this matter will be dismissed without further prior notice to Plaintiff. The clerk is directed to send 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED.**

DATED:  This 30th day of December, 2024, at Kansas City, Kansas.

S/ John W. Lungstrum
JOHN W. LUNGSTRUM
United States District Judge