IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

**DUSTIN MICHAEL QUICK,**

    **Plaintiff,**

    v.                                                CASE NO. 24-3236-JWL

**BRANTON GRISSUM, et al.,**

    **Defendants.**

## MEMORANDUM AND ORDER

Plaintiff Dustin Michael Quick began this pro se action under 42 U.S.C. § 1983 by filing a complaint and a motion for leave to proceed in forma pauperis in December 2024. (Docs. 1 and 2.) Plaintiff failed to submit the required certified copy of this inmate trust fund account statement to support his motion to proceed IFP, however, so on December 23, 2024, the Court issued a notice of deficiency (NOD) informing Plaintiff that he was required to submit the statement within 30 days. (Doc. 3.) The NOD further advised Plaintiff that if he "fail[ed] to comply within the prescribed time, . . . this action may be dismissed without further notice for failure to comply with this court order." *Id.* at 1-2. As of the date of this order, the Court has received nothing further from Plaintiff.

In addition, because Plaintiff is a prisoner and proceeds in forma pauperis, the Court was required by statute to screen the complaint and to dismiss it or any portion of it that is frivolous, fails to state a claim on which relief may be granted, or seeks relief from a defendant immune from such relief. *See* 28 U.S.C. § 1915A(a) and (b); 28 U.S.C. § 1915(e)(2)(B). The Court conducted the statutorily required screening and, on December 30, 2024, the Court issued a memorandum and order (M&O) explaining that the complaint was deficient in ways that left it subject to dismissal in its entirety. (Doc. 4.) The M&O granted Plaintiff to and including February 4, 2025 in which to file an amended complaint that cures the deficiencies. *Id.* It expressly cautioned Plaintiff that if he failed to

"file a complete and proper amended complaint that cures the deficiencies identified herein . . . in the allotted time, this matter will be dismissed without further prior notice to him." *Id.* at 1. The M&O was mailed to Plaintiff at his address of record, which is the Andrew County Jail in Savannah, Missouri.

On January 24, 2025, the envelope containing the M&O was returned to the Court marked "Return to Sender," "Not Deliverable as Addressed," and "Unable to Forward." (Doc. 5.) Due to another case Plaintiff filed in this Court, the Court is aware that Plaintiff has been transported between the Andrew County Jail in Missouri and the Wyandotte County Jail in Kansas City, Kansas. The Wyandotte County Jail is also the address in the complaint submitted in this matter. (Doc. 1, p. 1.) Thus, at the Court's direction, the clerk remailed the M&O to Plaintiff at the Wyandotte County Jail.

The deadlines set in both the NOD and the M&O have now passed and Plaintiff has not complied with either order, nor has he filed anything further in this matter. Under Rule 41(b) of the Federal Rules of Civil Procedure, a district court may dismiss an action "if the plaintiff fails to prosecute or to comply with these rules or a court order." Fed. R. Civ. P. 41(b); *See also Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (noting that Rule 41(b) "has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure . . . to comply with the . . . court's orders"). Because Plaintiff has failed to comply with the NOD or the M&O and has failed to file anything further in this matter, the Court concludes that this matter should be dismissed without prejudice under Rule 41(b).

**IT IS THEREFORE ORDERED THAT** this matter is **dismissed without prejudice** under Fed. R. Civ. P. 41(b) for failure to comply with a court order. The motion for leave to proceed in forma pauperis (**Doc. 2**) is therefore **denied as moot.**

**IT IS SO ORDERED**.

Dated on this 20th day of February, 2025, in Kansas City, Kansas.

                                             s/ John W. Lungstrum
                                             JOHN W. LUNGSTRUM
                                             United States District Judge